Dan L. **BRIGHT**

v.

Attorney General John **ASHCROFT,**
**Federal Bureau of Investigation**
**and U.S. Department of Justice**

Nos. CIV.A. 02–1225, 02–3510.

United States District Court,
E.D. Louisiana.

March 7, 2003.

———

Clive Adrian Stafford–Smith, New Orleans, LA, Jill Neiman, Morrison & Foerster, San Francisco, CA, G. Benjamin Cohen, The Capital Appeals Project, New Orleans, LA, John R. Shiner, Morrison & Foerster LLP, Los Angeles, CA, for Dan L Bright, plaintiff.

Kathryn Weekley Becnel, U.S. Attorney's Office, New Orleans, LA, for Attorney General of the United States, John Ashcroft, Federal Bureau of Investigation, U.S. Department of Justice, defendants.

*ORDER AND REASONS*

FELDMAN, District Judge.

The Court has reviewed, *in camera,* FBI Document 212 and the affidavit of Special Agent Goldsmith, who was case agent during the events covered by the document.

Document 212 tells of a multitude of criminal activities including murder, drugs and robberies. All but one reference are unrelated to Bright's murder conviction and sentence which is the subject of his FOIA request and the government's refusal to disclose an unredacted version. The Court's review establishes that the unrelated references are exempt from disclosure pursuant to FOIA exemption 7(C). 5 U.S.C. § 552(b)(7)(C). The reference that is related to Bright's murder conviction is not exempt from disclosure. 5 U.S.C. § 552(b)(7)(C),(D). It relates to the possibility of Bright's innocence and should have at the least been disclosed to him prior to his trial under the clear instruction of the Supreme Court in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The reference itself states:

The source further advised that DANIEL BRIGHT, aka "Poonie", is in jail for the murder committed by TRACEY DAVIS. The source stated that he/she has heard DAVIS bragging about doing the murder and how he is confident that BRIGHT will be able to beat the charge because they don't have enough evidence against him.

Quite obviously, disclosure of this material does not necessarily endanger the identity of the FBI source; given the patent seriousness of the statement, Bright may have been wrongfully convicted of murder even though his prior criminal history hardly makes him a candidate for citizen of the year. The failure by law

enforcement agencies to disclose the statement before his murder trial raises the stakes of the public interest and pays little currency to any claim of private interest. Whether Bright is or is not guilty, the failure of law enforcement to act as it was constitutionally obliged to do cannot be tolerated in a society that makes a fair and impartial trial a cornerstone of our liberty from government misconduct.[1]

For all these reasons, Bright's FOIA request is GRANTED IN PART and DENIED IN PART.

1. The affidavit of SA Goldsmith is regrettably inconsistent with the statement in Document 212. Goldsmith says it was Bright who told the source that Tracey Davis was the murderer. But Document 212 makes no reference to what Goldsmith believes to be a material element which presumably shakes the statement's veracity. Regardless, an agent's doubts about a statement's veracity is irrelevant to the FOIA exemptions inquiry. *Brady* demands that the statement should have been disclosed and that Bright's murder conviction was constitutionally impaired by law enforcement lapses. Moreover, the government's actions over the past 42 months, as it has sought to conceal the content of Document 212, are disappointing. Bright filed his initial FOIA request in September 1999, prior to his postconviction hearing. He has since contacted the FBI on various occasions, filed an administrative appeal, sought a subpoena in state court, and filed this suit in federal court. Such tactics violate the spirit of the FOIA and erode citizen faith in government.